IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALVIN LARUE PINKOSON, ) ) Petitioner, ) ) v. ) ) ADW DAVENPORT, ARIZONA ) ATTORNEY GENERAL, and ) DORA SCHRIRO, ) ) Respondents. ) _____ ) | CIV 08-01388 PHX ROS (MEA) REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

On July 21, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on November 6, 2008.

**I Procedural History**

On November 24, 2003, Petitioner was convicted by a jury on two counts of burglary in the third degree. Answer, Exh. A. Petitioner was sentenced to an aggravated, concurrent term of twelve years imprisonment pursuant to his conviction on each of these two counts. Id., Exh. B & Exh. C. In aggravating his sentences the trial court noted Petitioner's lengthy criminal history and prior violations of both parole and probation. Id., Exh. B & Exh. C. When imposing the sentences,

the court stated:

> ...if it weren't for these two priors, I would put you on intensive probation when you got out of prison because, quite frankly, that's the help I think you would find that you need... but I can't because the State has alleged the two priors, I have found them, and I have to send you to prison under the law on both Counts 1 and 2.

Id., Exh. B at 17.[1]

Petitioner took a direct appeal of his conviction and sentences. Id., Exh. D & Exh. E. Petitioner asserted in his direct appeal that the trial court erred by trying him *in absentia* and that his sentences violated the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Id., Exh. D & Exh. E. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a decision issued October 7, 2004. Id., Exh. G. The Arizona Supreme Court denied review on April 20, 2005. Id., Exh. I.

Petitioner filed a timely action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. J. Petitioner raised six distinct ineffective assistance of counsel claims in this action. Id., Exh. K. Petitioner also asserted the state failed to prove his prior offenses and that his sentences violated the Blakely doctrine.

---

[1] The sentencing court cited a presentence report indicating Petitioner had previously been convicted of a total of seven prior felony convictions and several misdemeanors, and that he had a criminal history going back to 1980. Answer, Exh. B. However, as a matter of law, the state alleged and the trial court found that Petitioner was convicted of aggravated assault in 2001 and was convicted of burglary in 1997. Id., Exh. C.

-2-

Id., Exh. K. The state trial court summarily denied relief on January 12, 2006. Id., Exh. M. Both the Arizona Court of Appeals and the Arizona Supreme Court denied review of this decision. Id., Exh. O & Exh. R.

In his federal habeas petition Petitioner asserts he is entitled to relief because his federal constitutional rights were violated by the *in absentia* trial. Petitioner also contends that his sentences violate Blakely, i.e., that he was sentenced to an aggravated term of imprisonment based on facts not found by a jury. Petitioner also maintains that he was denied his right to the effective assistance of counsel at trial, at sentencing, and during a hearing regarding the allegation of prior convictions.

**II Analysis**

**A. Exhaustion**

Absent particular circumstances, the Court should not entertain the merits of a petition for a writ of habeas corpus before the petitioner's state remedies have been "exhausted." See 28 U.S.C. § 2254(b) & (c) (2006 & Supp. 2008). Although it may deny relief on the merits of an unexhausted claim, the District Court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).

To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule

upon the merits of the constitutional claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, including cases in which a term of life imprisonment is actually imposed, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough and well-reasoned discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a non-capital conviction or sentence).

Respondents allow that Petitioner properly exhausted most of his federal habeas claims in the state courts. Respondents assert that Petitioner did not properly exhaust his claim that his counsel was ineffective for failing to allege that the state had not properly proven his two prior felony convictions. See Answer at 23.

**B. Standard of review with regard to properly exhausted claims for relief**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state

-4-

court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp. 2008); Panetti v. Quarterman, 127 S. Ct. 2842, 2858 (2007); Carey v. Musladin, 549 U.S. 70, 74-75, 127 S. Ct. 649, 653 (2006); Rompilla v. Beard, 545 U.S. 374, 390, 125 S. Ct. 2456, 2467-68 (2005); King v. Schriro, 537 F.3d 1062, 1068 (9th Cir. 2008)[2]; Cook v. Schriro, 516 F.3d 802, 816 (9th Cir. 2008).

United States Supreme Court holdings at the time of the state court's decision are the source of "clearly established federal law" for the purpose of federal habeas review. Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000); Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005). Unless United States Supreme Court precedent has clearly established a

---

[2] For the "contrary to" clause, appellant would have to demonstrate that the state court decision "'arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law,'" or when faced with "materially indistinguishable" facts. The "unreasonable application" clause requires not merely that we disagree with the state court's application,FN12 but beyond that, that the state court decision is objectively unreasonable. Even if we think the state court erred, the state court decision stands if the error was not an unreasonable application of Supreme Court holdings. State court factual determinations stand, even if we would not reach them on the same record, unless there is "clear and convincing evidence" that they are "objectively unreasonable."

-5-

rule of law, the writ will not issue based on a claimed violation of that rule, see Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent. See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000). If the United States Supreme Court has not addressed the issue raised by Petitioner in its holdings, the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, clearly established federal law. See Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), cert. denied sub nom., Stenson v. Uttecht, 129 S. Ct. 247 (2008), citing Kane v. Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). Therefore, if the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook, 516 F.3d at 818, quoting Carey, 549 U.S. at 76, 127 S. Ct. at 654; Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).

When more than one state court has adjudicated a claim, the Court must analyze the last "reasoned" decision to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker, 423 F.3d at 1091-92 & n.3. When there is no "reasoned" state court decision explaining the state's denial of a claim presented in a federal habeas petition, the District Court must perform an independent review

of the record to ascertain whether the state court's decision summarily denying the claim was objectively reasonable. See Medley v. Runnels, 506 F.3d 857, 863 & n.3 (9th Cir. 2007), cert. denied, 128 S. Ct. 1878 (2008); Stenson, 504 F.3d at 890.

**C. Petitioner's claims for relief**

**1. Petitioner asserts he is entitled to relief because his Sixth Amendment and Fourteenth Amendment rights were violated by the *in absentia* trial.**

Petitioner raised this issue in his direct appeal. The Arizona Court of Appeals denied relief, concluding the trial court did not abused its discretion in finding Petitioner waived his right to be present at trial. See Answer, Exh. G.

In July of 2003, Petitioner was released on bond pending resolution of the charges against him. See id., Exh. D. Petitioner's trial was continued until July 29, 2003, after he rejected a plea agreement, and the case was transferred to a different trial judge. Id., Exh. D. Confusion ensued with regard to Petitioner's presence at his counsel's office at the time set for trial. Id., Exh. D. The trial court issued a bench warrant for Petitioner and ordered the trial to proceed notwithstanding Petitioner's absence. Id., Exh. D. Several witnesses testified against Petitioner at his *in absentia* trial and the defense did not call any witnesses. Id., Exh. D. Petitioner was arrested on the bench warrant six days after his trial ended in his *in absentia* conviction. Id., Exh. D.

The state court's conclusion was not an unreasonable application of clearly established federal law because the right

-7-

to be present is properly deemed waived if the defendant fails to assert this right by appearing at his trial. See United States v. Gagnon, 470 U.S. 522, 528-29, 105 S. Ct. 1482, 1485-86 (1985); United States v. Houtchens, 926 F.2d 824, 826 (9th Cir. 1991); Campbell v. Wood, 18 F.3d 662, 672-73 (9th Cir. 1994); Brewer v. Raines, 670 F.2d 117, 119 (9th Cir. 1982).

**2. Petitioner maintains that his sentences violate Blakely, i.e., that he was sentenced to an aggravated term of imprisonment based on facts not found by a jury.**

In denying Petitioner's Blakely claim, the Arizona Court of Appeals concluded Petitioner's sentences did not run afoul of Blakely because the aggravated sentences were predicated on prior convictions admitted by Petitioner. See Answer, Exh. G at 7-8.

The Arizona court's conclusion that Petitioner's sentence did not violate his rights pursuant to the holding in Blakely was not clearly contrary to, nor an unreasonable application of federal law. The fact that Petitioner's sentence was aggravated by prior felony convictions and that he admitted these convictions removes his circumstance from the umbrella of Blakely. See Blakely v. Washington, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004) ("'*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (emphasis added), quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362 (2000)); Hunter v. Werholtz, 505 F.3d 1080, 1082

(10th Cir. 2007). Therefore, Petitioner is not entitled to federal habeas relief on this claim because the state court's decision was not clearly contrary to federal law.

**3. Petitioner also maintains that he was denied his right to the effective assistance of counsel.**

Respondents allow that Petitioner exhausted most of his ineffective assistance of counsel claims by raising them in his state Rule 32 action. The state court summarily denied Petitioner's claims that he was denied his right to the effective assistance of counsel. The state court's decision was not clearly contrary to nor an unreasonable application of federal law.

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id.

To prevail on the merits of a habeas claim of ineffective assistance of counsel, "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An unreasonable application of federal law is different from an incorrect application of federal law." Woodford v. Visciotti, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002) (internal quotations

-9-

omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066 (emphasis added).

To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir.), cert. denied, 128 S. Ct. 722 (2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006), cert. denied, 128 S. Ct. 177 (2007). A defendant has no constitutional right to compel counsel to raise particular objections if counsel, as a matter of professional judgment, decides not to raise those objections. See Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (declining to promulgate "a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed").

Petitioner asserts his counsel was unconstitutionally ineffective because his counsel's motion to sever his offenses for trial was not filed on time, i.e., within twenty days of the date set for trial. Petitioner has not established, however,

that any such error was prejudicial because the motion to sever was denied on the merits. <u>See</u> Answer, Exh. A at 14-19. Accordingly, the state court's decision that the alleged error did not violate Petitioner's Sixth Amendment rights was not clearly contrary to federal law.

Petitioner also contends his trial counsel's performance was deficient because his counsel failed to interview a police officer within twenty days of the trial date. Petitioner maintains that interviewing the officer earlier would have allowed counsel to file a timely pre-trial motion to suppress evidence. Petitioner contends the alleged deficiency was prejudicial because the evidence was "clearly" inadmissible.

The state court's decision denying Petitioner's claim that his counsel's performance was deficient and prejudicial in this regard was not clearly contrary to federal law because Petitioner has not established that any alleged failure to file a motion to suppress the evidence was prejudicial to Petitioner.

Petitioner further alleges that his trial counsel's performance was deficient because counsel withdrew a request for a "'Dessureault' hearing." Petitioner asserts this error was prejudicial because the "Dessureault Hearing was very important concerning the unduly suggestive nature of the pre-trial identification."[3] Petitioner further asserts his trial counsel

---

[3] <u>See</u> <u>Arizona v. Dessureault</u>, 104 Ariz. 380, 384, 453 P.2d 951, 955 (1969). Pursuant to state law, a trial court conducts a "Dessureault" hearing to determine if the proposed identification of the defendant as the perpetrator of the alleged crimes was unduly suggestive, i.e., if it was likely that the procedure had caused a witness to misidentify the defendant. At the hearing, the trial court

-11-

"convinced the trial judge that exculpatory evidence (green towel) did not exist and as a result my motion for Willits Instruction concerning that the State lost or destroyed evidence was denied."[4]

Respondents argue that, because the facts of his case did "not warrant a Dessureault hearing, it was not unreasonable for counsel to withdraw the motion." Respondents also contend that Petitioner has not established that any such error was prejudicial, "because he has not demonstrated a reasonable likelihood that the motion would have succeeded if counsel had not withdrawn it." Respondents further maintain that Petitioner was not entitled to a Willits instruction and, accordingly, that any deficiency which resulted in the "failure" to give the instruction was not prejudicial. Respondents note Petitioner provides no evidence that the police ever had custody of a green towel, or that the towel could have exonerated him.

Counsel's decisions regarding jury instructions are fairly construed as a strategic decision. See Scott v. Elo, 302 F.3d 598, 607 (6th Cir. 2002). "A fair assessment of attorney performance requires that every effort be made to eliminate the

---

is required to examine the totality of the circumstances surrounding the proposed identification of the defendant, unless the prosecution proved by clear and convincing evidence that the procedure regarding the identification is not unduly suggestive. See Arizona v. Smith, 146 Ariz. 491, 496, 707 P.2d 289, 294 (1985).

[4] See Arizona v. Willits, 96 Ariz. 184, 190-91, 393 P.2d 274, 277-79 (1964). To be entitled to a jury instruction pursuant to the holding in Willits, a defendant must prove both that the state failed to preserve exculpatory, material, accessible evidence, and resulting prejudice. See Arizona v. Fulminante, 193 Ariz. 485, 503, 975 P.2d 75, 93 (1999).

-12-

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066. Therefore, the state court's decision was not contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and Petitioner is not entitled to federal habeas relief on his claim that he was deprived of the effective assistance of counsel.

Petitioner further alleges his counsel "failed to interview any witnesses for defendant, and counsel failed to adequately argue motions in limine concerning the use of spontaneous statements made by me prior to Miranda, that the State avowed they would not use." However, Petitioner offers nothing but conclusory allegations regarding his counsel's alleged failure to interview "any witnesses" or evidence of how any failure to interview a specific witness would have resulted in a different outcome at trial. Vague or conclusory claims do not establish evidence sufficient to conclude the state court's

-13-

decision was clearly contrary to federal law. See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

The evidence presented against Petitioner at his trial from eyewitnesses was overwhelming. See Answer, Exh. D. The undersigned notes the Ninth Circuit Court of Appeals has held the likelihood of prejudice to the defendant from counsel's failure to adequately investigate is more likely when the prosecutions' case against the defendant is weak. See, e.g., Avila v. Galaza, 297 F.3d 911, 924 (9th Cir. 2002) (collecting the cases discussed infra so holding).

**4. Petitioner alleges he was denied his right to the effective assistance of counsel during a hearing regarding the allegation of prior convictions.**

Petitioner asserts he was denied his right to effective assistance of counsel "during trial on priors. The State was not able to prove two felony priors. The State's expert witness, Carl Speckels, was not able to compare my thumb print to exhibits "6" and "7", which refer to a Class "3" Felony the State was alleging I committed on January 22, 1995."

Respondents contend Petitioner did not properly exhaust this claim by fairly presenting both the factual and legal predicate for the habeas claim in the state courts. "Although Petitioner claimed that the State had failed to prove his two priors in his PCR petition, he did not raise it as an ineffective assistance of counsel claim." Because Petitioner has not shown cause for, nor prejudice arising from his

-14-

procedural default of the claim, Respondents argue, federal habeas relief on the claim is precluded.

The undersigned concludes Petitioner did not properly exhaust this claim in the state courts by fairly presenting it as a Sixth Amendment claim to the state courts. See Moorman v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005) (holding a petitioner could not argue ineffective assistance of counsel claims in a habeas action if they had not raised the specific factual basis for the claim in the state courts); Carriger, 971 F.2d at 333-34; Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004). Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and preclusion, prevent Petitioner from now exhausting this claim in the state courts, the claim has been procedurally defaulted. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim. Accordingly, habeas relief on the merits of this claim is precluded.

### III  Conclusion

Petitioner properly exhausted all but one of his federal habeas claims in the state courts. The state courts' decisions that Petitioner was not entitled to relief from his convictions or sentences on the bases asserted by Petitioner were not clearly contrary to nor an unreasonable application of federal law. Additionally, with regard to Petitioner's claim regarding the ineffective assistance of counsel with regard to the finding of prior felony convictions, Petitioner failed to exhaust this claim in the state courts. Petitioner has not

shown cause for nor prejudice arising from his procedural default of the claim and, accordingly, relief on the merits of the claim is precluded.

**IT IS THEREFORE RECOMMENDED** that Mr. Pinkoson's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

-16-

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 23rd day of January, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-17-